UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES M. DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HENRY ATENCIO; WARDEN YORDY; LT. AIELLO; SGT. LEE; SGT MARTIN; C/O LILLY; SGT NICODEMUSL and CORIZON MEDICAL AND CORIZON STAFF,<br><br>　　　　Defendants. | Case No. 1:17-cv-00505-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court are numerous motions filed by the parties. Some of the motions are not ripe for review as briefing is still underway; however, because deadlines on some of the motions will expire before briefing can be complete on the other motions—and because it appears Davis has had a difficult time receiving Defendants' papers—the Court will intervene to set an appropriate schedule in this case.

# II. BACKGROUND

On December 11, 2017, Plaintiff Davis filed the instant case against numerous defendants alleging various violations of his civil rights. Defendants accepted service of Plaintiff's Complaint on June 1, 2018. Dkt. 12. Defendants filed their Answer on June 20, 2018. Dkt. 13. On July 5, 2018, and again on July 16, 2018, Davis filed Notices with the

MEMORANDUM DECISION AND ORDER - 1

Court requesting that Defendants serve him with their Answer as he had not—as of those dates—received anything. Dkts. 16, 18. On July 26, 2018, Davis filed a Motion for Summary Judgment. Dkt. 20. On August 9, 2018, Defendants filed a Motion for Extension of Time requesting that the Court either deny Davis's Motion for Summary Judgment at this time, or at a minimum, delay consideration on the motion until a later date under Federal Rule of Civil Procedure 56(d).

### III. LEGAL STANDARD

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, which provides that judgment shall be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party may move for summary judgment at any time until thirty days after the close of all discovery. *Id.* While the court must consider the facts in the light most favorable to the non-moving party and give that party the benefit of any reasonable inferences, *see, e.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), summary judgment is not a "disfavored procedural shortcut," but rather one of the chief mechanisms by which "factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The initial burden is on the moving party to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir.1983).

When a party opposing a motion for summary judgment cannot present "facts essential to justify his opposition" to the motion, Rule 56(d) permits the party to submit an affidavit or declaration stating the reasons the party is unable to present the evidence, and the court may continue or deny the motion if the opposing party needs to discover essential facts. The burden is on the party seeking additional discovery pursuant to Rule 56(d) to demonstrate that (1) the information sought would prevent summary judgment, and (2) that the information sought exists. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084 (9th Cir.2009); *Izaguirre v. Greenwood Motor Lines, Inc.*, 2011 WL 5325658 at * 6 (D.Idaho 2011). Rule 56(d) requires that a non-movant "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Id.,* Fed.R.Civ.P. 56(d). It is critical that the non-moving party explain why he or she cannot oppose the motion via means of an affidavit or declaration. Explanations that are merely contained in a memorandum are not sufficient. *Brae Transp. Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986).

### IV. ANALYSIS

As a threshold matter it appears that Davis did eventually receive a copy of Defendants' Answer. *See* Dkt. 19. Accordingly, Plaintiff's Notices requesting service of Defendants' Answer (Dkts. 16, 18) are deemed moot.

Next, although Davis has not had an opportunity to respond to Defendants' Motion for an Extension of Time, the Court will not wait for a response for two reasons. First, Defendant's response to Davis's Motion for Summary Judgment is due August 16,

MEMORANDUM DECISION AND ORDER - 3

2018. Davis's response to Defendants' Motion for Extension is not due until August 30, 2018. In other words, if the Court were to wait for Davis's response—and subsequently deny Defendants' Motion, their deadline will have long passed in the other Motion. Second, and more importantly, Davis's Motion for Summary Judgment is premature and nothing he could raise in his response to Defendants' 56(d) Motion would change the Court's decision outlined below.

The Court does not accept early motions for summary judgment except in limited circumstances, none of which are present here. This case is in the beginning stages. Discovery has only just begun. Although Davis asserts that there are no facts in dispute, it is impossible for the Court to know if this is accurate. Davis cannot simply say there are no disputes, he must have evidence to support this proposition so that the Court can accurately determine if there are any factual disputes or not.

Additionally, it appears that Davis's Motion is something of a response to Defendants' Answer. In other words, Davis slightly misunderstands the purpose of summary judgment and believes that because Defendants have not "factually" addressed his allegations in their Answer there is no dispute as to any material fact and summary judgment is appropriate in his favor.[1] This simply is not correct. The way Defendants Answered Davis's Complaint is consistent with the Rules. Defendants' failure to provide

---

[1] In his Motion, Davis asserts "Defendants raise no [illegible] issue of material fact is dispute of plaintiff's allegations. They 'simply articulate' that they cannot admit to or deny the allegations because they don't have 'enough information.'" Dkt. 20-3, at 5.

facts at this time is not an indication, or admission, that there are no disputed facts in this case, but rather that the parties must engage in discovery to appropriately address all of Davis's claims.

Under Rule 56(d) a party seeking an extension must (1) set forth in affidavit form the specific facts they hope to elicit from further discovery, (2) show that the facts sought exist, and (3) show that the sought-after facts are essential to oppose summary judgment. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

In this case, Defendants have complied with these requirements. Defense Counsel filed an affidavit explaining what information is needed to respond to Davis's Motion and that this information must be drawn out in appropriate and timely discovery. Dkt. 21-1.

A motion for summary judgment in a case involving civil rights claims cannot survive pre-discovery. Each of the claims has essential elements which the parties must flesh out through discovery—with evidence and testimony. Only then can the Court make an informed decision.

## V. ORDER

**IT IS ORDERED:**

1. Davis's Notifications (Dkt. 16 and Dkt. 18) are DEEMED MOOT.
2. Davis's Motion for Summary Judgment (Dkt. 20) is DENIED WITHOUT PREJUDICE. Davis can refile his Motion after discovery closes or file a supplemental motion at that time.

3. Defendants' 56(d) Motion (Dkt. 21) is GRANTED.

4. The briefing schedule in all pending Motions is hereby suspended as moot. The Parties will continue with discovery and file motions when sufficient facts and evidence are present to support such a filing.

DATED: August 28, 2018

_____
David C. Nye
U.S. District Court Judge